UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| TIFFANIE BRANCH, individually and on behalf of all others similarly situated, | : : : : | |
| | : | Case No. 3:16-cv-1010-REP |
| Plaintiff, | : : | Jury Trial Demanded |
| v. | : : : | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | : : : : | |
| Defendant. | : : | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Tiffanie Branch, on behalf of herself and all others similarly situated, and files this Class Action Complaint against Government Employees Insurance Company ("GEICO" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### I.   NATURE OF THE CASE

1.   Plaintiff brings this action against Defendant for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x.

2.   Defendant GEICO is a corporate entity that is a wholly owned subsidiary of Berkshire Hathaway, Inc. and has its primary offices in Fredericksburg, Virginia. GEICO provides automobile, property, life, business and other forms of insurance to people throughout the United States. It fills its staffing needs with consumers like Plaintiff. As part of their hiring processes, GEICO and its subsidiaries use criminal-background reports to make employment decisions. Because such employment decisions are based in whole or in part on the contents of

the criminal-background reports, users are obliged to adhere to certain requirements of the FCRA.

3. When using criminal background reports for employment purposes, employers must, before declining, withdrawing, or terminating employment based in whole or in part on the contents of the report, provide job applicants like Plaintiff with a copy of their respective background reports as well as a written summary of their rights under the FCRA.

4. Providing a copy of the criminal background report as well as a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision.

5. Plaintiff brings nationwide class claims against GEICO under 15 U.S.C. § 1681b because, as an omission in its hiring process and whether by its own conduct or by the conduct of its agent, GEICO failed to provide Plaintiff with a copy of the criminal background report or a summary of her rights under the FCRA before taking an adverse action against her.

## II.    PARTIES

6. Plaintiff Tiffanie Branch is a "consumer" as protected and governed by the FCRA.

7. Defendant GEICO is a Virginia entity that markets its services throughout the United States, including within this District.

### III.  JURISDICTION AND VENUE

8. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

9. Venue is proper in this Court because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2).

10. Venue is also proper in this Court because GEICO can be found in this District. 28 U.S.C. § 1391(b)(3). Among other things, GEICO maintains its corporate headquarters in this District and Division.

### IV.  FACTUAL ALLEGATIONS

**A.  Plaintiff's Acceptance of Offer of Employment With GEICO**

11. Plaintiff Tiffanie Branch applied for a position as Liability Claims Representative at the Fredericksburg office of Defendant GEICO during the late summer of 2016. On August 26, 2016, she accepted GEICO's offer to join the company as a Liability Claims Representative at an initial salary of $22.33 an hour.

12. The job offer was contingent on a background check.

13. Prior to the job offer, in the course of the application process Plaintiff had disclosed to GEICO that she had never been convicted of a felony, but that she had a misdemeanor conviction in her past.

14. GEICO ordered a background check on Plaintiff from General Information Services (GIS) on September 2, 2016.

15. Based upon hiring criteria developed or designated by GEICO, GIS adjudicates GEICO applicants' background reports by placing a green, yellow or red flag on the report.

16. If the report is marked with a green flag, the applicant is generally eligible to be placed for employment immediately.

17. If the report is marked with a yellow or red flag, that indicates that GIS has graded the applicant with a derogatory background report.

18. GIS completed Plaintiff's background report and sent it electronically to GEICO on September 21, 2016.

19. The GIS report was inaccurate. GIS reported to GEICO that Plaintiff had been convicted of a felony, which was not true.

20. GIS graded Plaintiff's report as a "Fail" with a red flag.

21. After viewing the report, a GEICO representative named Latoria Parker contacted Plaintiff by telephone on September 21, 2016 to tell her that the job offer was rescinded due to the existence of a felony conviction from the City of Richmond that appeared on the background report.

22. Neither Ms. Parker nor anyone else at GEICO provided Plaintiff with a copy of the background report prior to rescinding her job offer.

23. Plaintiff responded to Ms. Parker on the telephone call that the report was mistaken. Plaintiff explained that the record in question was not a felony but instead a misdemeanor, which Plaintiff had already disclosed to GEICO during the application process. Ms. Parker replied that because the background report stated that the conviction was a felony, GEICO's decision to revoke the job offer was final and would not be changed. Plaintiff disputed that she had ever been convicted of a felony, but Ms. Parker said that all that mattered what that the background report stated she had a felony.

4

24. Plaintiff was deeply shocked and upset at the revocation of the job offer. Because she had not seen a copy of the background report she did her best to follow up on the telephone conversation by sending Ms. Parker an email later that day providing the details why the GIS report of a felony conviction was a serious mistake. She explained that she had originally been charged with a felony but the charge had been reduced and she pled guilty to a misdemeanor.

25. Plaintiff further explained that the Virginia General District Court Online Case Information System, which can be easily accessed by computer, showed that the charge from the City of Richmond had been reduced to a misdemeanor in the final case disposition. Plaintiff included that documentation with her email to Ms. Parker.

26. Nevertheless, GEICO did not reinstate the job offer to Plaintiff.

27. Subsequently, Plaintiff received a letter dated September 22, 2016 from GIS stating that GEICO "has or will be completing their review of your application within the next few days, and may take action based on the enclosed report."

28. However, in reality, GEICO had already taken adverse action against Plaintiff on September 21, 2016, when its representative telephoned Plaintiff to revoke the job offer, based on the GIS criminal background report that GEICO had received that same day.

29. In fact, the GIS report states that the grading "Decision Time" occurred on "9/21/2016 [at] 12:39:07 PM."

30. Thus, the date of the "adverse action" against Plaintiff was the date that GIS first created and instantly "adjudicated" her application. GIS stated on Plaintiff's report a "Grade" of "Fail" and marked a red flag next to the word "Fail." GEICO accepts and follows the GIS "Grade" without any independent investigation or exercise of discretion.

## B. GEICO's Practices and Policies

31. GEICO has created and implemented national, uniform hiring and staffing policies, procedures, and practices under which it and its subsidiaries operate. Those policies, procedures, and practices cover the use of "background checks" or "consumer reports" to screen potential employees.

32. GEICO routinely uses consumer reports to screen prospective employees, with GIS grading applicants based on criteria GEICO supplies to GIS. As a matter of practice, GEICO regularly fails to provide copies of consumer reports to job applicants against whom it takes an adverse action based in whole or part on consumer reports, before taking that adverse action.

33. As a matter of practice, GEICO regularly fails to provide copies of the FTC or CFPB notice of rights to job applicants against whom it takes an adverse action based in whole or part on a consumer report, before taking that adverse action.

34. As a matter of course, GEICO uses the same business process for obtaining and using consumer reports, and for the "adjudication" of employment applications as it did with Plaintiff and members of the Class described below. In authorizing GIS to mail pre- and final adverse action letters automatically, GEICO deprives consumers of any reasonable time period by which to dispute or discuss any inaccurate or derogatory information in their background reports.

35. As a result of these FCRA violations, GEICO is liable to Plaintiff, and to each Class member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

36. Defendant's conduct and omissions were willful. Because the FCRA was enacted in 1970, Defendant has had years to become compliant but has failed to do so.

37. GEICO, a nationwide employer, was aware of obligations under the FCRA as they relate to employment because it hired GIS not only to perform its background checks but also to (attempt to) provide GEICO's adverse-action notices to job applicants. GEICO therefore knew of the requirements imposed upon it by the FCRA, and failed to craft a system that would ensure compliance with those requirements.

### V. CLASS ACTION ALLEGATIONS

38. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b, Plaintiff brings this action for herself and on behalf of a class (the "Class"), defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application or other request for placement to GEICO; (b) who were the subject of a consumer report which was used by GEICO or GIS to make an employment decision from December 30, 2014 to the present; (c) whose consumer report contained either a "red flag" or a "yellow flag"; and (d) as to whom GEICO either rejected or delayed employment.

39. Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to GEICO releases of all their claims for all of their Class claims; and (d) GEICO's employees, officers, directors, agents, and representatives and their family members.

40. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class members

impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

41. **Commonality.** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be GEICO's uniform conduct and procedures; whether rejecting an applicant for employment when a background report contains a red or yellow flag is an "adverse action' subject to the FCRA notice requirements; whether GEICO provided the required notices; when it did so; and, whether GEICO acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. The appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of the Class.

42. **Typicality.** Plaintiff's claims are typical of the other Class members' claims. As described above, Defendant GEICO uses common practices and automated systems in committing the conduct that Plaintiff alleges damaged her and the Class. Plaintiff seeks only statutory and punitive damages for her classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. GEICO uniformly breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Class.

43. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's counsel has prosecuted complex FCRA class actions across the country.

44.     Questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by GEICO's conduct. It would be virtually impossible for the members of the Class to, individually, effectively redress the classwide wrongs done to them, particularly in light of the fact that the claims are in part based on the failure of GEICO to give Class members the proper notice. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

45.     Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by GEICO's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## VI.    CAUSE OF ACTION

### COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1681b(b)(3)(A)

46.     Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

47.     GEICO' failure to provide members of the Class with a copy of the consumer report upon which it based its decision to take the adverse action, prior to taking such action, violated 15 U.S.C. § 1681b(b)(3)(A)(i).

48. Likewise, GEICO's failure to provide members of the Class the mandated FTC/CFPB Summary of FCRA Rights, prior to taking such action, violated 15 U.S.C. § 1681b(b)(3)(A)(ii).

49. GEICO's creation of a system in which GIS mails pre- and final adverse action letters robs consumers of a reasonable opportunity to dispute inaccurate information in their background reports, further violating section 1681b(b)(3).

50. The conduct, action, and inaction of GEICO were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

51. Plaintiff and other members of the Class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from GEICO in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

1. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

2. That judgment be entered for the proposed Class against Defendant GEICO for statutory damages and punitive damages for violation of 15 U.S.C. § 1681b, pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

4. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

**A TRIAL BY JURY IS DEMANDED.**

                                          Respectfully submitted,
                                          **TIFFANIE BRANCH**

                                        By: _/s/ Andrew J. Guzzo_____
                                                        Counsel

Kristi Cahoon Kelly, Esq., VSB #72791
Camille A. Crandall, VSB #74619
Andrew J. Guzzo, Esq., VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: ccrandall@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

James A. Francis (*pro hac vice forthcoming*)
John Soumilas (*pro hac vice forthcoming*)
David A. Searles (*pro hac vice forthcoming*)
FRANCIS & MAILMAN, P.C.
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
Phone: 215.735.8600
Fax: 215.940.8000
Email: jfrancis@consumerlawfirm.com
Email: jsoumilas@consumerlawfirm.com
Email: dsearles@consumerlawfirm.com

*Counsel for Plaintiff and the Class*